IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-418-BO

| | |
|---|---|
| UGL UNICCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| LOCAL LODGE #2541 and DISTRICT ) | |
| LODGE # 110 of the INTERNATIONAL ) | |
| ASSOCIATION OF MACHINISTS & ) | |
| AEROSPACE WORKERS, AFL-CIO, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Vacate Arbitration Award and Defendants' Motion to Enforce Arbitration Award and for Attorney's Fees. For the reasons set forth herein, Plaintiff's Motion to Vacate is DENIED; Defendant's Motion to Enforce is GRANTED; and Defendant's Motion for Attorney's Fees is DENIED.

## INTRODUCTION

This case arises from Plaintiff UGL UNICCO's termination of union member Ronald Corbett. UGL UNICCO provides facilities maintenance services at a tire plant in Wilson, North Carolina, owned by Bridgestone Firestone North American Tire, LLC ("Bridgestone"). Corbett was employed by UGL UNICCO and worked at the Bridgestone Plant. Defendants Local 2541 and District 110 are constituent entities of the International Association of Machinists and Aerospace Workers, AFL-CIO.

Plaintiff and Defendants have entered into a series of collective bargaining agreements

governing mechanical workers. The instant dispute is subject to the 2008 Mechanical Labor Agreement (the "CBA") that continues to be in effect between the parties. Article 14.1 of the CBA provides that employees may be disciplined or discharged only for just and sufficient cause. Article 12 provides that lay-offs and recalls of employees must be conducted according to seniority. The CBA does not provide for severance pay.

Bridgestone banned Corbett from the Wilson facility citing displeasure with his response to a power outage and fire that occurred on July 30, 2008. An investigation by UGL UNICCO cleared Corbett of any wrongdoing. UGL UNICCO attempted to persuade Bridgestone to allow Corbett to return to the plant, but Bridgestone refused. UGL UNICCO also tried without success to place Corbett in a position at a facility within a reasonable distance of the Wilson plant. As such, UGL UNICCO informed Corbett that his employment would be terminated.

A grievance was filed requesting that UGL UNICCO return Corbett to work. In accordance with the CBA, the parties jointly selected an arbitrator. The arbitrator found that Corbett was terminated without just cause and ordered UNICCO to either persuade Bridgestone to lift the ban, find a position for Corbett at another facility, or attempt to reach a settlement on monetary damages. When these options failed, the arbitrator awarded Corbett damages equal to two weeks pay for each of Corbett's 34 years of employment. The arbitrator reasoned that this award was appropriate because Corbett deserved reinstatement, but Bridgestone was not a party to the CBA and thus could not be forced to re-admit him to the plant.

Plaintiff brought this action to vacate the arbitrator's award on September 23, 2009, and filed the Motion to Vacate and memorandum of law in support on October 30, 2009. Defendants responded on January 8, 2010, and Plaintiff replied on February 1, 2010. Defendants filed the

Motion to Enforce and for Attorney's Fees on March 9, 2010. Plaintiff responded on March 30, 2010, and Defendants replied on April 9, 2010. A hearing was held in Raleigh, North Carolina, on June 13, 2010. These Motions are now ripe for ruling.

## INTRODUCTION

### I. The Arbitrator's Award

The Court must first determine whether the arbitrator's award was proper. As the Supreme Court explained in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987), "the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."

The CBA does not specifically provide for the persona non grata situation in the instant case. Rather, the CBA provides that employees may be terminated for just cause or laid off subject to seniority. Plaintiff admits that Corbett was not fired for cause, and the arbitrator determined that Corbett was not laid off because Corbett's work was available and reinstatement based on seniority was not an option. Therefore, the arbitrator properly concluded that Corbett was terminated in violation of the CBA. The arbitrator's recognition that Plaintiff acted in good faith and made every effort to find work for Corbett does not cure this breach.

Plaintiff argues that although Corbett's termination violated the CBA, the CBA did not provide the arbitrator with the authority to award severance pay. "In general, courts favor a broad discretion in the arbitrator: 'When an arbitrator is commissioned to interpret and apply the

-3-

collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies.'" *Lynchburg Foundry Co. v. United Steelworkers of America, Local 2556*, 404 F.2d 259, 261 (4th Cir. 1968) (quoting United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, (1960)). Here, the arbitrator's award is more properly viewed as damages for breach of contract rather than severance pay. And the CBA does not limit the remedy that the arbitrator may award for a breach of contract. As such, the arbitrator properly determined an award that drew its essence from the CBA. Therefore, Defendants' Motion to Enforce is GRANTED, and Plaintiff's Motion to Vacate is DENIED.

## II. Attorney's Fees

The Labor Management Relations Act, 29 U.S.C. 141 *et. seq.*, provides that attorney's fees may be awarded where a challenge to an arbitrator's award was "pursued in the district court 'without justification.'" *United Food & Commercial Workers v. Marvel Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989) (quoting *Int'l Assoc. of Machinists v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir. 1976)). Where, as here, "a challenge goes to the fundamental issues of arbitrability or of whether an arbitration award 'draws its essence' from the contract, the standard for assessing its justification is indeed the relatively lenient one of whether it has 'any arguable basis in law.'" *Id.* at 351.

Plaintiff's challenge to the instant arbitration award was not so baseless as to justify an award of attorney's fees. Whether a remedy is permissible is a question of contract interpretation. *Lynchburg Foundry Co.*, 404 F.2d at 261 (4th Cir. 1968). Thus, where the CBA is silent as to a remedy, the arbitrator has the discretion to fashion an appropriate award. *Id.*; *see*

Case 5:09-cv-00418-BO   Document 33   Filed 07/16/10   Page 4 of 5

*also Tobacco Workers Int'l Union, Local 317 v. Lorillard Corp.*, 448 F.2d 949, 955-56 (4th Cir. 1971). But the instant case presented the additional complications of a third party persona non grata situation that was not specifically provided for in the CBA as well as a negotiation history concerning severance pay. Therefore, although Corbett plainly was terminated in violation of the CBA and the arbitrator permissibly awarded damages, the challenge to the arbitrator's authority was not without any arguable basis.

## CONCLUSION

Therefore, Plaintiff's Motion to Vacate is DENIED; Defendants' Motion to Enforce is GRANTED; and Defendants' Motion for Attorney's Fees is DENIED. The arbitrator's award shall be enforced.

SO ORDERED, this 13 day of July, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-5-

Case 5:09-cv-00418-BO   Document 33   Filed 07/16/10   Page 5 of 5